1  Jeffry A. Davis (SBN 103299)
   Joseph R. Dunn (SBN 238069)
2  **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
   3580 Carmel Mountain Road, Suite 300
3  San Diego, CA 92130
   Tel:    858 314-1500
4  Fax:    858 314-1501

5  Attorneys for Debtor
   Blossom Valley Investors, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 09-57669 RLE |
| BLOSSOM VALLEY INVESTORS, INC., | Chapter 11 |
| Debtor. | **APPLICATION OF DEBTOR IN POSSESSION TO EMPLOY ALTA PROPERTIES AS REAL ESTATE BROKER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a), 328(a) AND 1107 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014; DECLARATION OF DELAYNE CASTELLO** |
| | **[No Hearing Required]** |
| | Judge:    Roger L. Efremsky |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE ROGER L. EFREMSKY, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR'S 20 LARGEST UNSECURED CREDITORS, AND OTHER PARTIES ENTITLED TO NOTICE:

Blossom Valley Investors, Inc., a California corporation, debtor and debtor in possession in the above-captioned chapter 11 case ("Debtor" or "Blossom Valley"), hereby applies to the Court for an order authorizing the employment of Alta Properties ("Alta") as Debtor's real estate broker for the sale of Debtor's residential property. In support of its application, the Debtor respectfully represents:

# I.
# INTRODUCTION

Blossom Valley commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 10, 2009 (the "Petition Date").

Blossom Valley was formed to manage real estate development and is currently managing three residential real estate projects in the greater San Jose, California area. Messina Gardens is a townhome project comprised of 33 partially complete homes, 40 finished lots and 110 podium lots. Oak Knoll is a single-family home development comprised of 25 nearly finished lots. Grandview is a townhome project comprised of 36 nearly complete homes. Sales activity is active at Messina Gardens, and was active at Grandview until Pacific National Bank posted notices of its foreclosure sale at that project site.

# II.
# RELIEF REQUESTED

The Debtor wishes to employ Alta as its real estate broker in connection with this case to render, among others, the following types of professional services:

a. Advertising the properties;

b. Staffing the property office with sales personnel;

c. Showing the properties to prospective purchasers;

d. Writing sales contracts; and

e. Processing loans.

# III.
# COMPENSATION

Alta began providing services to the Debtor on April 1, 2008 when the Debtor and Alta signed an agreement providing Alta with the exclusive right to sell the Grandview Terrace and Messina Gardens properties. Pursuant to that agreement, Alta is to receive 1.5 percent of the selling price of each unit sold. These rates fairly and equitably compensate Alta for the services to be provided. A copy of the agreement between the Debtor and Alta is attached as **Exhibit 1** to the accompanying Declaration of Delayne Castello.

## IV.

## ALTA PROPERTIES IS DISINTERESTED

To the best of Debtor's knowledge, based upon the accompanying Declaration of Delayne Castello, Alta and its employees are disinterested and do not hold or represent an interest adverse to the estate and do not have any connection either with the Debtor (other than the existing broker agreement), its creditors, or any other party in interest or with their respective attorneys or accountants, or any judge of the United States Bankruptcy Court for the Northern District of California, the United States Trustee, or any person employed in the office of the United States Trustee. Alta is not and was not an investment banker for any outstanding security of the Debtor nor has Alta been, within three years before the Petition Date, an investment banker for the security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of any security of the Debtor. Alta is not currently owed any fees or commissions by the debtor.

WHEREFORE, the Debtor prays that this Court enter its order authorizing it to employ Alta Properties as its real estate broker on the terms set forth herein and in the Castello Declaration.

DATED: October 15, 2009         BLOSSOM VALLEY INVESTORS, INC.


By:_____/s/ Jeffry A. Davis_____
    Jeffry A. Davis
    **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C**
    Counsel for Debtor
    Blossom Valley Investors, Inc.

# DECLARATION OF DELAYNE CASTELLO

I, Delayne Castello, declare:

1. I am a broker employed by Alta Properties, proposed real estate broker to the above-referenced debtor and debtor in possession ("Debtor"), which filed a voluntary petition for relief under chapter 11 of title 11 United States Code on September 10, 2009 (the "Petition Date").

2. Alta Properties is a real estate broker that specializes in the sale of residential properties.

3. I will oversee all the services to be rendered by Alta Properties to the Debtor. I am familiar with the operations of the Debtor.

4. Alta Properties has agreed to render, as real estate broker, the following types of professional services to the Debtor, among others:

   a. Advertising the property;

   b. Staffing the property sales office with sales personnel;

   c. Showing the properties to prospective purchasers;

   d. Writing sales contracts; and

   e. Processing loans.

5. Alta Properties will receive a commission of 1.5 percent of the selling price of each unit sold in Grandview Terrace and Messina Gardens. These rates fairly and equitably compensate Alta Properties for the services to be provided. A copy of the exclusive authorization and right to sell between the Debtor and Alta Properties is attached as **Exhibit 1**.

6. Alta Properties and its employees are disinterested persons who do not hold or represent an interest adverse to the estate and do not have any connection with the Debtor (other than the existing broker agreement), its officers, directors, or creditors, or any other party in interest in this case or with any respective attorneys or accountants, or with any judge of the United States Bankruptcy Court for the Northern District of California, the United States Trustee, or any person employed in the office of the United States Trustee. Alta Properties is not currently owed any fees or commissions by the Debtor.

1　　　　7.　　The following supplemental disclosures are made with respect to Alta Properties'
2　disinterestedness in this case.
3　　　　　a.　　Alta Properties is not and was not a creditor, an equity security holder, or
4　insider of the Debtor, except that Alta Properties provided real property broker services to the Debtor
5　for approximately seventeen months prior to the filing of the chapter 11 petition in connection with
6　the sale of the properties at Grandview Terrace and Messina Gardens.
7　　　　　b.　　Alta Properties is not and was not, within two years before the Petition Date, a
8　director, officer or employee of the Debtor.
9　　　　　c.　　Alta Properties is not and was not an investment banker for any outstanding
10　security of the Debtor. Alta Properties has not been, within three years before the Petition Date, an
11　investment banker for a security of the Debtor, or an attorney for such investment banker in
12　connection with the offer, sale or issuance of any security of the Debtor.

14　　I declare under penalty of perjury that the foregoing is true and correct.
15　　Executed on October 14, 2009, at San Jose, California.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Delayne Castello

4731483v.1

-5-

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 3580 Carmel Mountain Road, Suite 300, San Diego, California 92130. On October 16, 2009, I served the within document:

**APPLICATION OF DEBTOR IN POSSESSION TO EMPLOY ALTA PROPERTIES AS REAL ESTATE BROKER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 1107 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014; DECLARATION OF DELAYNE CASTELLO**

X     FIRST-CLASS MAIL: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as set forth below.

SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 16, 2009, at San Diego, California.

                                        /s/ Joseph R. Dunn
                                        Joseph R. Dunn

**SERVICE LIST**

Debtor
Blossom Valley Investors, Inc.
1475 Saratoga Avenue, Suite 250
San Jose, CA 95129

United States Trustee
Office of the U.S. Trustee / San Jose
U.S. Federal Bldg.
280 S. 1st Street, #268
San Jose, CA 95113-3004

20 Largest Creditors
A&K Quality Drywall Inc.
1104 Starwood Place
San Jose, CA 95120

A-1 Door and Building Solutions
4300 Jetway Court
North Highlands, CA 95660

Advanced Automatic Sprinkler
1947 San Ramon Valley Blvd.
San Ramon, CA 94583

Atlantic Concrete
P.O. Box 1772
Gilroy, CA 95021

Cloverleaf Construction Co.
16120 Caputo Drive, Suite F
Morgan Hill, CA 95037

Coast Building Products
P.O. Box 815
West Sacramento, CA 95691

Elegant Surfaces
551 Carnegie Street
Manteca, CA 95337

Galante Brothers
P.O. Box 41490
San Jose, CA 95160

Groundworks
2145 Elkins Way, Suite B
Brentwood, CA 94513

HMH Incorporated
P.O. Box 611510
San Jose, CA 95161

| | |
|---|---|
| 1 | JC Heating & Air Conditioning |
| | 455 Barrett Avenue, Suite A |
| 2 | Morgan Hill, CA 95037 |
| 3 | Jim Henry Construction |
| | Retaining Walls Company North |
| | 1525 Grand Avenue |
| 4 | San Marcos. CA 92078 |
| 5 | Mike McCall |
| | 4749 Clayton Road |
| 6 | Concord. CA 94521 |
| 7 | Nunes Electric |
| | 10486 Dougherty Avenue |
| 8 | Morgan Hill, CA 95037 |
| 9 | Purcell Murray Builder Sales |
| | P.O. Box 49281 |
| 10 | San Jose. CA 95131 |
| 11 | Quality Built |
| | 15330 Avenue of Science |
| 12 | San Diego, CA 92128 |
| 13 | Residential Partners, L.P. |
| | 1425 Saratoga Avenue, Suite 250 |
| 14 | San Jose. CA 95129 |
| 15 | Robert MacLean |
| | Design Inspirations |
| 16 | P.O. Box 23377 |
| | Pleasant Hill, CA 94523 |
| 17 | |
| 18 | Summit Plastering |
| | 4501 E. La Palma, Suite 200 |
| 19 | Anaheim, CA 92807 |
| 20 | Technibuilders Iron Inc. |
| | 1049 Felipe Avenue, Suite 250 |
| 21 | San Jose, CA 95122 |
| 22 | Terrasearch |
| | 6293 San Ignacio Avenue, Suite A |
| 23 | San Jose, CA 95119 |
| 24 | West Cabinets |
| | 2459 Radley Court |
| 25 | Hayward, CA 94545 |
| 26 | <u>Special Notice</u> |
| | Bank of the West |
| | James A. Tiemstra, Esq. |
| 27 | Tribune Tower |
| | 4089 Thirteenth Street, 15th Floor |
| 28 | Oakland, CA 94612-2605 |

| | |
|---|---|
| 1 | Special Notice<br>Pacific National Bank |
| 2 | Ellen A. Friedman, Esq.<br>Friedman Dumas & Springwater LLP |
| 3 | 150 Spear Street, Suite 1600<br>San Francisco, CA 94105 |
| 4 | Special Notice |
| 5 | Pacific National Bank<br>Joel Zeldin, Esq. |
| 6 | Shartsis Friese LLP<br>One Maritime Plaza, 18th Floor |
| 7 | San Francisco, CA 94111 |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# EXHIBIT 1



# EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL
## MULTIPLE LISTING AUTHORIZATION
THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT — READ IT CAREFULLY.
CALIFORNIA ASSOCIATION OF REALTORS® (CAR) STANDARD FORM

1. **EXCLUSIVE RIGHT TO SELL:** I hereby employ and grant _Alta Properties_ hereinafter called "Broker," the exclusive and irrevocable right commencing on _April 1_, _2008_, and expiring at midnight on _until sold_, _(cont.)_, to sell or exchange the real property situated in the City of _San Jose_, County of _Santa Clara_, California described as follows: _Grand View Terrace Tract #9363 Units 1-45 SJ, Ca_.

2. **TERMS OF SALE:** The purchase price shall be _as specified by builder at each release_ ($_____), to be paid as follows _____

   The following items of personal property are included in the above stated price: _to be determined at time of sale on each contract_

3. **MULTIPLE LISTING SERVICE (MLS):** Broker is a Participant of _San Jose / Santa Clara County_ ASSOCIATION/BOARD OF REALTORS® Multiple Listing Service (MLS) and this listing information will be provided to the MLS to be published and disseminated to its Participants in accordance with its Rules and Regulations. Broker is authorized to cooperate with other real estate brokers, to appoint subagents and to report the sale, its price, terms and financing for the publication, dissemination, information and use by authorized Association/Board members, MLS Participants and Subscribers.

4. **TITLE INSURANCE:** Evidence of title shall be a California Land Title Association policy of title insurance in the amount of the selling price.

   **Notice:** The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between the Seller and Broker.

5. **COMPENSATION TO BROKER:** I hereby agree to compensate Broker, irrespective of agency relationship(s), as follows:
   (a) _2.5_ percent of the selling price, or $_____, if the property is sold during the term hereof, or any extension thereof, by Broker or through any other person, or by me on the terms herein set forth, or any other price and terms I may accept, or ___ percent of the price shown in 2, or $ _7,500 min_, if said property is withdrawn from sale, transferred, conveyed, leased, or rented without the consent of Broker, or made unmarketable by my voluntary act during the term hereof or any extension thereof.
   (b) The compensation provided for in subparagraph (a) above if property is sold, conveyed or otherwise transferred within _90_ calendar days after the termination of this authority or any extension thereof to anyone with whom Broker has had negotiations prior to final termination, provided I have received notice in writing, including the names of the prospective purchasers, before or upon termination of this agreement or any extension hereof. However, I shall not be obligated to pay the compensation provided for in subparagraph (a) if a valid listing agreement is entered into during the term of said listing protection period with another licensed real estate broker and a sale, lease or exchange of the property is made during the term of said valid listing agreement.
   (c) I authorize Broker to cooperate with other brokers, to appoint subagents, and to divide with other brokers such compensation in any manner acceptable to brokers.
   (d) In the event of an exchange, permission is hereby given Broker to represent all parties and collect compensation or commissions from them, provided there is full disclosure to all principals of such agency. Broker is authorized to divide with other brokers such compensation or commissions in any manner acceptable to brokers.
   (e) Seller shall execute and deliver an escrow instruction irrevocably assigning Broker's compensation in an amount equal to the compensation provided in subparagraph (a) (above) from the Seller's proceeds.

6. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf a deposit to be applied toward purchase price.

7. **HOME PROTECTION PLAN:** Seller is informed that home protection plans are available. Such plans may provide additional protection and benefit to a Seller and Buyer. Cost and coverage may vary.

*8. **KEYBOX:** I authorize Broker to install a KEYBOX: _(as needed)_ (Initial) YES (_DC_) NO (___/___)
   Refer to reverse side for important keybox information.

9. **SIGN:** Authorization to install a FOR SALE/SOLD sign on the property: _provided by builder_ YES (_DC_) NO (___/___)

10. **PEST CONTROL:** Seller shall furnish a current Structural Pest Control Report of the main building and all structures of the property, except _____ (Initial) YES _N/A_ NO (___/___)

11. **DISCLOSURE:** Unless exempt, Seller shall provide a Real Estate Transfer Disclosure Statement concerning the condition of the property. I agree to save and hold Broker harmless from all claims, disputes, litigation, and/or judgments arising from any incorrect information supplied by me, or from any material fact known by me which I fail to disclose. _not applicable to new construction_ (Initial _DC_)

*12. **TAX WITHHOLDING:** Seller agrees to perform any act reasonably necessary to carry out the provisions of FIRPTA (Internal Revenue Code §1445) and California Revenue and Taxation Code §§18805 and 26131, and regulations promulgated thereunder. Refer to the reverse side for withholding provisions and exemptions.

13. **EQUAL HOUSING OPPORTUNITY:** This property is offered in compliance with federal, state, and local anti-discrimination laws.

*14. **ARBITRATION OF DISPUTES:** Any dispute or claim in law or equity arising out of this contract or any resulting transaction shall be decided by neutral binding arbitration in accordance with the rules of the American Arbitration Association, and not by court action except as provided by California law for judicial review of arbitration proceedings. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. The following matters are excluded from arbitration hereunder: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or real property sales contract as defined in Civil Code §2985, (b) an unlawful detainer action, (c) the filing or enforcement of a mechanic's lien, (d) any matter which is within the jurisdiction of a probate court, or (e) an action for bodily injury or wrongful death, or for latent or patent defects to which Code of Civil Procedure §337.1 or §337.15 applies. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the right to arbitrate under this provision.

"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."
(Initial) BROKER (_DC_) SELLER (___/___)

15. **ATTORNEY'S FEES:** In any action, proceeding or arbitration arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

16. **ADDITIONAL TERMS:** _____

17. **ENTIRE AGREEMENT:** I, the Seller, warrant that I am the owner of the property or have the authority to execute this agreement. The Seller and Broker further intend that this agreement constitutes the complete and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any, involving this agreement.

I acknowledge that I have read and understand this agreement, including the information on the reverse side, and have received a copy.

Date _4-2-08_, 19___, _San Jose_, California
Seller _____ Address _1475 Saratoga Ave #250_
Seller _G. A. Pinn_ City _San Jose_ State _Ca_ Zip _95129_

In consideration of the above, Broker agrees to use diligence in procuring a purchaser. Phone _____
Real Estate Broker _Alta Properties_ By _D. A. Castello_
Address _1475 Saratoga Ave Suite 200_ _SJ Ca 95129_ City _San Jose_ Date _4-1-08_

THIS STANDARDIZED DOCUMENT FOR USE IN SIMPLE TRANSACTIONS HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® IN FORM ONLY. NO REPRESENTATION IS MADE AS TO THE APPROVAL OF THE FORM OF ANY SUPPLEMENTS NOT CURRENTLY PUBLISHED BY THE CALIFORNIA ASSOCIATION OF REALTORS® OR THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. IT SHOULD NOT BE USED IN COMPLEX TRANSACTIONS OR WITH EXTENSIVE RIDERS OR ADDITIONS.

A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

This form is available for use by the entire real estate industry. The use of this form is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics.

* REFER TO REVERSE SIDE FOR ADDITIONAL INFORMATION.
The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized formats.
Copyright© 1988, CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
REVIEWED 2/91

— OFFICE USE ONLY —
Reviewed by Broker or Designee _____
Date _____

FORM A-14
BROKER'S COPY

# EXCLUSIVE AUTHORIZATION AND RIGHT TO SELL
## MULTIPLE LISTING AUTHORIZATION
THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT — READ IT CAREFULLY.
CALIFORNIA ASSOCIATION OF REALTORS® (CAR) STANDARD FORM

1. **EXCLUSIVE RIGHT TO SELL:** I hereby employ and grant _Alta Properties_ hereinafter called "Broker," the exclusive and irrevocable right commencing on _April 1_, _2008_, and expiring at midnight on _until sold out_, 19___, to sell or exchange the real property situated in the City of _San Jose_, County of _Santa Clara_, California described as follows: _Messina Gardens Tract # 9840 Units 1 thru 89 SJ Ca_.

2. **TERMS OF SALE:** The purchase price shall be _as specified by builder at each release_ ($_____), to be paid as follows _____

   The following items of personal property are included in the above stated price: _To be determined at time of sale on each contract_.

3. **MULTIPLE LISTING SERVICE (MLS):** Broker is a Participant of _San Jose / Santa Clara County_ ASSOCIATION/BOARD OF REALTORS® Multiple Listing Service (MLS) and this listing information will be provided to the MLS to be published and disseminated to its Participants in accordance with its Rules and Regulations. Broker is authorized to cooperate with other real estate brokers, to appoint subagents and to report the sale, its price, terms and financing for the publication, dissemination, information and use by authorized Association/Board members, MLS Participants and Subscribers.

4. **TITLE INSURANCE:** Evidence of title shall be a California Land Title Association policy of title insurance in the amount of the selling price.

**Notice:** The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between the Seller and Broker.

5. **COMPENSATION TO BROKER:** I hereby agree to compensate Broker, irrespective of agency relationship(s), as follows:
   (a) _1.5_ percent of the selling price, or $_____, if the property is sold during the term hereof, or any extension thereof, by Broker or through any other person, or by me on the terms herein set forth, or any other price and terms I may accept, or ___ percent of the price shown in 2, or $ _7,000 min._, if said property is withdrawn from sale, transferred, conveyed, leased, or rented without the consent of Broker, or made unmarketable by my voluntary act during the term hereof or any extension thereof.
   (b) The compensation provided for in subparagraph (a) above if property is sold, conveyed or otherwise transferred within _90_ calendar days after the termination of this authority or any extension thereof to anyone with whom Broker has had negotiations prior to final termination, provided I have received notice in writing, including the names of the prospective purchasers, before or upon termination of this agreement or any extension hereof. However, I shall not be obligated to pay the compensation provided for in subparagraph (a) if a valid listing agreement is entered into during the term of said protection period with another licensed real estate broker and a sale, lease or exchange of the property is made during the term of said valid listing agreement.
   (c) I authorize Broker to cooperate with other brokers, to appoint subagents, and to divide with other brokers such compensation in any manner acceptable to brokers.
   (d) In the event of an exchange, permission is hereby given Broker to represent all parties and collect compensation or commissions from them, provided there is full disclosure to all principals of such agency. Broker is authorized to divide with other brokers such compensation or commissions in any manner acceptable to brokers.
   (e) Seller shall execute and deliver an escrow instruction irrevocably assigning Broker's compensation in an amount equal to the compensation provided in subparagraph (a) (above) from the Seller's proceeds.

6. **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf a deposit to be applied toward purchase price.
7. **HOME PROTECTION PLAN:** Seller is informed that home protection plans are available. Such plans may provide additional protection and benefit to a Seller and Buyer. Cost and coverage may vary.
*8. **KEYBOX:** I authorize Broker to install a KEYBOX: _(as needed)_ (initial) YES (_DC_) NO (___/___)
   Refer to reverse side for important keybox information.
9. **SIGN:** Authorization to install a FOR SALE/SOLD sign on the property _provided by seller_ (initial) YES (_DC_) NO (___/___)
10. **PEST CONTROL:** Seller shall furnish a current Structural Pest Control Report of the main building and all structures of the property, except _____ (initial) YES (___/_N/A_ No___/___)
11. **DISCLOSURE:** Unless exempt, Seller shall provide a Real Estate Transfer Disclosure Statement concerning the condition of the property. I agree to save and hold Broker harmless from all claims, disputes, litigation, and/or judgments arising from any incorrect information supplied by me, or from any material fact known by me which I fail to disclose. _not applicable to new construction_ (initial___)
*12. **TAX WITHHOLDING:** Seller agrees to perform any act reasonably necessary to carry out the provisions of FIRPTA (Internal Revenue Code §1445) and California Revenue and Taxation Code §§18805 and 26131, and regulations promulgated thereunder. Refer to the reverse side for withholding provisions and exemptions.
13. **EQUAL HOUSING OPPORTUNITY:** This property is offered in compliance with federal, state, and local anti-discrimination laws.
*14. **ARBITRATION OF DISPUTES:** Any dispute or claim in law or equity arising out of this contract or any resulting transaction shall be decided by neutral binding arbitration in accordance with the rules of the American Arbitration Association, and not by court action except as provided by California law for judicial review of arbitration proceedings. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. The following matters are excluded from arbitration hereunder: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or real property sales contract as defined in Civil Code §2985, (b) an unlawful detainer action, (c) the filing or enforcement of a mechanic's lien, (d) any matter which is within the jurisdiction of a probate court, or (e) an action for bodily injury or wrongful death, or for latent or patent defects to which Code of Civil Procedure §337.1 or §337.15 applies. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the right to arbitrate under this provision.
"NOTICE: BY INITIALLING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALLING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."
"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."
(Initial) BROKER (___) SELLER (___/___)

15. **ATTORNEY'S FEES:** In any action, proceeding or arbitration arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.
16. **ADDITIONAL TERMS:** _____
17. **ENTIRE AGREEMENT:** I, the Seller, warrant that I am the owner of the property or have the authority to execute this agreement. The Seller and Broker further intend that this agreement constitutes the complete and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any, involving this agreement.

I acknowledge that I have read and understand this agreement, including the information on the reverse side, and have received a copy.

Date _4-2-08_, 19___ _San Jose_ California
Seller _____ Address _1475 Saratoga Ave #250_
Seller _Greg A Pinn_ City _San Jose_ State _CA_ Zip _95129_

In consideration of the above, Broker agrees to use diligence in procuring a purchaser. Phone _____
Real Estate Broker _Alta Properties_ By _____
Address _1475 Saratoga Ave Suite 200 SJ Ca 95129_ City _San Jose_ Date _4-1-08_

THIS STANDARDIZED DOCUMENT FOR USE IN SIMPLE TRANSACTIONS HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® IN FORM ONLY. NO REPRESENTATION IS MADE AS TO THE APPROVAL OF THE FORM OR ANY SUPPLEMENTS NOT CURRENTLY PUBLISHED BY THE CALIFORNIA ASSOCIATION OF REALTORS® OR THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. IT SHOULD NOT BE USED IN COMPLEX TRANSACTIONS OR WITH EXTENSIVE RIDERS OR ADDITIONS.
A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. The use of this form is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics.

* REFER TO REVERSE SIDE FOR ADDITIONAL INFORMATION.
The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized formats.
Copyright© 1988, CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
REVIEWED 2/91

FORM A-14
BROKER'S COPY

— OFFICE USE ONLY —
Reviewed by Broker or Designee _____
Date _____