FRIEDMAN DUMAS & SPRINGWATER LLP
ELLEN A. FRIEDMAN (S.B. NO. 127684)
JANE K. SPRINGWATER (S.B. NO. 100284)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

SHARTSIS FRIESE LLP
JOEL ZELDIN (S.B. NO. 51874)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone Number: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Creditor
US BANK NATIONAL ASSOCIATION, as successor
in interest to the Federal Deposit Insurance
Corporation, Receiver for Pacific National Bank

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BLOSSOM VALLEY INVESTORS, INC.,<br><br>Debtor | Case No. 09-57669<br><br>Chapter 11<br><br>R.S. No. JKS-004<br><br>**MOTION FOR RELIEF FROM STAY (GRANDVIEW PROPERTY)**<br><br>Date: January 6, 2010<br>Time: 10:30 a.m.<br>Place: Courtroom 3099<br>      280 South First Street<br>      San Jose, CA 95113-3099<br>Judge: Hon. Roger L. Efremsky |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:**

US Bank National Association, as successor in interest to the Federal Deposit Insurance Corporation, Receiver for Pacific National Bank, successor in interest to California Savings Bank, secured creditor ("Bank")[1] seeks an order pursuant to Section 362 of the of the

---

[1] All references to "Bank" in this motion mean either US Bank National Association, or one of its predecessors in interest as applicable.

Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Bankruptcy Local Rules for the Northern District of California, terminating the automatic stay to permit Bank to exercise its state law remedies with respect to the real property known as Grandview Terrace, located at 698 North Capital Avenue, San Jose, California, as more particularly described in the Grandview Deed of Trust, defined below (the "Grandview Property").

## I.
## RELIEF REQUESTED

Bank requests that this Court terminate the automatic stay to permit Bank to exercise its state law remedies with respect to the Grandview Property, including its right to judicially foreclose on the Grandview Property and obtain an unsecured deficiency claim against Debtor or non-judicially foreclose, as determined by Bank, and in each case obtain possession of the Grandview Property. In addition, Bank requests that this Court terminate the automatic stay to permit Bank to enforce its security interest in the Assignment of Contracts (as defined below) with respect to the Grandview Property.

The motion is based on this motion, the notice of motion, and the declarations of Paul Stiplosek and Jane Springwater, all of which are filed and served herewith, by mail, on the Debtor and the Office of the United States Trustee.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.
## STATEMENT OF FACTS

**A.  The Grandview Property**

1.  The Grandview Property is a partially completed residential real estate project to construct townhouse units known as Grandview Terrace in San Jose, California (the "Grandview Project"). The Grandview Project consists of 45 units contained in six, three story buildings. The buildings are comprised of a mix of two, three and four bedroom units

with five different floor plans. As of the date of this motion, there are currently 34 unsold units. Only two units have closed in the last eleven months. The units are in various stages of construction. Of the 34 unsold units, 16 are incomplete.

2. According the testimony provided by Alan Pinn, the responsible person for the Debtor, during the Debtor's 341 Meeting of Creditors, Mr. Pinn stated that the cost to complete the Grandview Project was approximately $1,800,000.

3. Bank believes that Debtor has not undertaken any further work to complete the units since March 2009.

4. The net proceeds received by Bank from the sales of units in June 2009 and July 2009 were $270,906 for a 2-bedroom, 2.5- bath unit, and $349,162.93 for a 3-bedroom, 3- bath unit, respectively. These release prices were well below the expected release prices set forth in the loan documents of $465,809 and $490,659, respectively, for a total deficit of $336,399.07 for those two units.

5. At the 341 Meeting of Creditors, Mr. Pinn indicated that the Grandview Project was underwater and that he would consider walking away from it.

**B.    The Grandview Loan**

6. On or about August 8, 2006, Bank extended an $18,100,000 loan facility to Debtor to fund the construction of the Grandview Project, pursuant to which Debtor drew $16,831,136.16 (the "Grandview Loan").

7. In connection with this loan facility, Debtor executed and delivered to Bank a Promissory Note payable to Bank in the original principal amount of $18,100,000 (the "Grandview Note") and a Construction Loan Agreement (the "Grandview Loan Agreement"), each dated August 8, 2006.

8. The Grandview Note and obligations under the Grandview Loan Agreement are secured by a Construction Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated August 8, 2006, and recorded against the Grandview Property in the Official Records of Santa Clara County on August 17, 2006, as instrument No. 19065676 (the "Grandview Deed of Trust").

00470117.DOC    3    GRANDVIEW MOTION FOR RELIEF FROM STAY
Case: 09-57669    Doc# 47    Filed: 12/22/09    Entered: 12/23/09 00:09:37    Page 3 of 10

9. The Grandview Note and obligations under the Grandview Loan Agreement are also secured by that certain Assignment of Rights Under Covenants, Conditions and Restrictions, Sales Agreements, Permits, Development Documents, dated August 8, 2006 and recorded against the Grandview Property in the Official Records of Santa Clara County on August 17, 2006 as instrument No. 19065676 (the "Assignment of Contracts").

10. On or about March 13, 2008, at the request of Debtor, Bank agreed to extend the maturity date of the Grandview Loan by an additional twelve months to March 1, 2009 (the "Grandview Extended Maturity Date"), pursuant to a Second Agreement to Modify Loan Documents.

11. Debtor ceased making monthly interest payments on February 5, 2009. In addition to Debtor's default for failing to pay interest, Debtor further defaulted by failing to pay the entire remaining principal balance of the Grandview Loan together with all accrued interest on the Grandview Extended Maturity Date.

12. Debtor has not made any monthly interest payments to Borrower in more than ten months. Debtor has, however, made payments from proceeds received from the sale of three units since January 1, 2009. Bank has applied those funds to reduce the principal amount outstanding.

13. On or about March 2, 2009, Bank notified Debtor that is was in default under the Grandview Loan. Based upon the events of default, Bank notified Debtor that the entire amount of the unpaid principal balance of the indebtedness, together with all accrued and unpaid interest, and all other sums or charges due under the Grandview Loan documents, were immediately due and payable.

14. On May 15, 2009, Bank filed against Debtor, Pear Avenue Investors LLC, another Pinn borrower subject to a bankruptcy proceeding in San Jose, and Alan and David Pinn, each a guarantor, together with the mechanics lien claimants that filed mechanic's liens against the Grandview and Oak Knoll Properties, a Complaint for Judicial Foreclosure, Deficiency Judgment, Specific Performance, Appointment of Receiver,

Injunction, Attachment for Breach of Written Guaranties, and Declaratory Relief (the "Complaint").

15. On September 10, 2009 (the "Filing Date"), Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code and continues to operate as a debtor and debtor in possession.

16. As of the Filing Date, the total indebtedness of Debtor to Bank under the Grandview Note and Grandview Deed of Trust was $12,660,077.70, including principal of $11,900,070.81, interest in the amount of $613,398.02, late fees of $1,729.08 and fees and costs in the amount of $144,879.79. The foregoing amount does not include interest that has accrued after the Filing Date, or attorneys' fees and costs that have accrued after the Filing Date, all of which are payable to Bank under the Grandview Note and Grandview Deed of Trust.

17. Interest continues to accrue at a variable rate under the Grandview Note and currently accrues in the monthly amount of approximately $75,000. Bank has not received any payments since the Filing Date. From the date after the Filing Date through November 30, 2009, interest has accrued in the amount of $189,682.35, and Bank has incurred additional attorneys' fees, all of which are payable to Bank under the Grandview documents.

**C.    Other Liens Against The Grandview Property.**

18. According to Debtor's Schedule D, Creditors Holding Secured Claims, at least 17 creditors have filed mechanics liens against the Grandview Property in the aggregate amount of $883,576.28. Based upon Bank's records, Bank believes the amount of mechanics' liens are higher than the amount reflected on Debtor's schedules.

19. Debtor has failed to pay its real property taxes with respect to the Grandview Property in the amount of $37,162.19 for the 2008 tax year. In addition, unless the Santa Clara County Records are not current, Debtor has failed to pay its real property taxes due by December 10, 2009 in the amount of $55,395.76 for the 2009 tax year.

00470117.DOC    5    GRANDVIEW MOTION FOR RELIEF FROM STAY
Case: 09-57669    Doc# 47    Filed: 12/22/09    Entered: 12/23/09 00:09:37    Page 5 of 10

**D. Value of Grandview Property is Less Than the Amount of All Liens.**

20. According to Debtors' Schedule A –Real Property and Schedule D-Creditors Holding Secured Claims [Document #24 in the Bankruptcy Court Docket], Debtor acknowledges that there is no equity in the Grandview Property. On Schedule A, the Debtor states that the Property has a value of $12,600,000.

21. In addition, pursuant to an appraisal of the Grandview Property prepared by Integra Realty Resources – San Francisco, as of May 15, 2009, the market value "as is" of 36 units was $11,000,000 (the "Grandview Appraisal"). Since that date, two units have sold, and Bank received net proceeds from the sales in the aggregate amount of $620,069. Accordingly, the fair market value of the Grandview Property is currently less than the appraised value as of such date.

22. As of the Filing Date, the total liens against the Grandview Property, including Bank's liens, was $13,491,332.14.

23. The following table shows the Debtor's lack of equity in the Grandview Property:

|  | Value Per Appraisal | Value Per Debtor's Schedule |
|---|---|---|
|  | $11,000,000.00<br>(minus 2 sold units $620,068.00)<br>$10,379,932.00 | $12,600,000.00 |
| Bank Indebtedness as of Filing Date | $12,515,197.91 | $12,515,197.91 |
| Mechanics Liens [second position] | $ 883,576.28 | $ 883,576.28 |
| Delinquent Real Property Taxes | $ 92,557.95 | $ 92,557.95 |
| Total Liens Against Property | $13,491,332.14 | $13,491,332.14 |
| **Negative Equity** | **($3,111,400.14)** | **($891,332.14)** |

24. If there were any equity in the Grandview Property, Bank would be entitled to collect postpetition interest in the amount of approximately $75,000 per month under the terms set forth in the Grandview Note. As of November 30, 2009, Debtor has

accrued additional interest since the Filing Date in the amount of $189,682.35.  The accrual of such interest would further reduce any possible equity in the Property.

## III.

## DISCUSSION

### A. Relief from the Automatic Stay

Section 362(d) of the Bankruptcy Code sets forth the grounds on which an interested party can obtain relief from the automatic stay.

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by termination, annulling, modifying, or conditioning such stay
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of such section, if –
>
> (A) the debtor does not have equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (emphasis added).  Either ground is sufficient, standing alone, to justify relief from the automatic stay.  *Sun Valley Ranches v. Equitable Life Assur. Society (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1376 (9th Cir. 1987); *Nazareth National Bank v. Trina Dee, Inc.*, 731 F.2d 170 (3d Cir. 1984).

### 1. Cause Exists for Terminating the Stay.

The Bankruptcy Code does not define "cause".  Cause must be determined on a case-by-case basis depending upon the facts in each case.  See *Benedor Corp. v Conejo Enters., Inc.* (In re Conejo Enters., Inc.), 96 F.3d 346, 352 (9th Cir. 1996).  However, the Bankruptcy Code clearly provides that lack of adequate protection constitutes cause.  There

00470117.DOC  Case: 09-57669   Doc# 47   Filed: 12/22/09   Entered: 12/23/09 00:09:37   Page 7 of 10  GRANDVIEW MOTION FOR RELIEF FROM STAY

are several grounds that constitute cause for terminating the automatic stay under Bankruptcy Code Section 362(d)(1). First, Bank is not adequately protected. Based upon the Grandview Appraisal, the fair market value of each of the Grandview Property is significantly less than the amount of all the liens recorded against each such property. Even based upon the Debtor's own determination of value, the Grandview Property has a current value that is less than the sum of the liens against it. Second, Debtor has failed to pay any interest payment to Bank for more than one year. Debtor has sold only ten units in the last two years, and of those only two in the last eleven months. Finally, Debtor has failed to pay its property taxes that were due after the Filing Date. Interest continues to accrue and the value of the Property to Bank continues to deteriorate. For the reasons set forth above, cause exists to terminate the automatic stay.

**2. Relief from the Automatic Stay Based Upon Debtor's Lack of Equity in Property**

For the purposes of § 362(d)(2)(A), whether a debtor has equity in property is the difference between the value of the property and all liens against it. *See Stewart v. Garley*, 745 F.2d 1194, 1196 (9th Cir. 1984); *Sun Valley Newspapers, Inc. v. Sun Valley Corp. (In re Sun Valley Newspapers, Inc.)*, 171 B.R. 71, 75 (9th Cir. B.A.P. 1994). To determine lack of equity, courts determine the value of the property after subtracting the value of all liens against the property, not only the liens of the creditor seeking relief from stay.

Debtor has no equity in the Grandview Property based upon Debtor's Schedules and the Grandview Appraisal. Real property taxes, sales commissions, and additional accrued interest will further reduce the net proceeds to be received by Bank if Debtor sells any units. There are no funds available to cover the costs of maintaining the Grandview Property or completing construction of the units. In order to complete a build-out of the Grandview Property, Mr. Pinn stated that it would cost the Debtor approximately $1,800,000 to complete the units. Since the drop in the real estate market, it is not feasible that Debtor could complete the Project and sell the units at a cost that would yield sufficient funds to pay the indebtedness to Bank and mechanics' lienors.

The Grandview Property is not necessary for an effective reorganization since it will never yield any proceeds to fund any of the Debtor's operations going forward or pay creditors . In fact, Bank believes that holding the Grandview Property will cause Debtor to incur additional costs since it has to maintain insurance on the property, pay post-petition real property taxes and other administrative costs without any realistic possibility that those additional costs will be recovered. Mr. Pinn stated at the 341 Meeting of Creditors that the Grandview Property is underwater and that he would consider letting go of this property. Accordingly, Debtor has no basis to object to the relief requested.

### 3. **Burden of Proof**

Section 362(g) of the Bankruptcy Code allocates the burden of proof in a hearing on a motion for relief from stay as follows:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section.
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g). Bank has met its burden of proof to show that there is no equity in the Grandview Property by using the Debtor's own valuation. The Debtor cannot meet its burden of proof to show that (1) no cause exists for termination of the stay; and that (ii) the Debtor is able to provide adequate protection of Bank's interest in the Grandview Property. Accordingly, Bank submits that it is entitled to relief from the automatic stay to protect its interests in the Grandview Property.

00470117.DOC 9 GRANDVIEW MOTION FOR RELIEF FROM STAY
Case: 09-57669   Doc# 47   Filed: 12/22/09   Entered: 12/23/09 00:09:37   Page 9 of 10

# IV.
# CONCLUSION

The Court should terminate the automatic stay to permit the Bank to foreclose its lien on the Grandview Property because the Debtor does not have any equity in such property and such property is not necessary for an effective reorganization, and for cause including lack of adequate protection.

WHEREFORE, the Bank requests this Court enter its order terminating the automatic stay to permit Bank to exercise its state law remedies with respect to the Grandview Property, including its right to judicially foreclose on the Grandview Property and obtain an unsecured deficiency claim against Debtor or non-judicially foreclose, as determined by Bank, and in each case obtain possession of the Grandview Property and enforce its security interest in the Assignment of Contracts, effective immediately so the relief is not stayed by the operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, and for such other and further relief as is appropriate.

Dated: : December 22, 2009  FRIEDMAN DUMAS & SPRINGWATER LLP

By: */s/ Jane K. Springwater*
Jane K. Springwater
Attorneys for Creditor
US BANK NATIONAL ASSOCIATION,
as successor in interest to the Federal
Deposit Insurance Corporation, Receiver
for Pacific National Bank