

1  Jeffry A. Davis (SBN 103299)
**MINTZ LEVIN COHN FERRIS**
2  **GLOVSKY AND POPEO, P.C.**
3580 Carmel Mountain Road, Suite 300
3  San Diego, CA 92130
Tel: 858-314-1500
4  Fax: 858-314-1501
E-mail: jadavis@mintz.com
5

6  Attorneys for Debtor in Possession
Blossom Valley Investors, Inc.
7

**The following constitutes
the order of the court. Signed March 02, 2011**

*Stephen Johnson*
_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**
_____

8               UNITED STATES BANKRUPTCY COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11  In re:                          Case No. 09-57669 SJ 11

12  BLOSSOM VALLEY INVESTORS, INC.,  Chapter 11 Case

13          Debtor.                 ORDER GRANTING DEBTOR'S SECOND
                                    AMENDED MOTION PURSUANT TO
14                                  BANKRUPTCY CODE SECTIONS 105, 361, 363
                                    AND 364 FOR FINAL ORDER:
15
                                    (1)  AUTHORIZING DEBTOR TO OBTAIN POST-
16                                  PETITION FINANCING ON SENIOR SECURED
                                    BASIS, USE CASH COLLATERAL, AND
17                                  GRANTING ADEQUATE PROTECTION
                                    REGARDING "MESSINA GARDENS" PROJECT;
18
                                    (2)  AUTHORIZING DEBTOR TO OBTAIN POST-
19                                  PETITION FINANCING ON SENIOR SECURED
                                    BASIS, USE CASH COLLATERAL, AND GRANT
20                                  ADEQUATE PROTECTION REGARDING "OAK
                                    KNOLL" PROJECT;
21
                                    (3) AUTHORIZING DEBTOR TO OBTAIN POST-
22                                  PETITION FINANCING ON JUNIOR SECURED
                                    BASIS; AND
23
                                    (4) GRANTING RELATED RELIEF
24

25                                  DATE:        February 16, 2011
                                    TIME:        1:30 p.m.
26                                  LOCATION:    Judge Stephen L. Johnson
                                                 280 South First Street
27                                               Courtroom 3099
                                                 San Jose, California 95113
28

                                    1
                                                                    ORDER

This cause came on regularly for hearing on notice to creditors on February 16, 2011, before the Honorable Stephen L. Johnson, United States Bankruptcy Judge, upon the Debtor's Second Amended Motion Pursuant to Bankruptcy Code Sections 105, 361, 363 and 364 for Final Order: (1) Authorizing Debtor to Obtain Post-Petition Financing on Senior Secured Basis, Use Case Collateral, and Grant Adequate Protection Regarding "Messina Gardens" Project; (2) Authorizing Debtor to Obtain Post-Petition Financing on Senior Secured Basis, Use Cash Collateral, and Grant Adequate Protection Regarding "Oak Knoll" Project; (3) Authorizing Debtor to Obtain Post-Petition Financing on Junior Secured Basis; and (4) Granting Related Relief , filed herein on February 8, 2011 (the "Motion"). Jeffry A. Davis, Esq., appeared for the above-captioned Debtor (the "Debtor"), James A. Tiemstra, Esq., appeared for Bank of The West (the "Lender"), Jane K. Springwater, Esq., appeared on behalf of U.S. Bank, N.A., and other appearances were duly noted on the record. The Court having reviewed the papers on file herein, having heard the representations of counsel for the parties hereto, having made its findings on the record pursuant to Bankruptcy Rule 7052, being fully advised thereby and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.      The Motion be, and the same is hereby, granted.

2.      That certain Stipulation for Use of Cash Collateral, Adequate Protection and Post-Petition Financing regarding the "Messina Gardens" project, filed February 2, 2011, as Exhibit 1 to the Motion including, without limitation, the new second deed of trust on the "Oak Knoll" project referenced in paragraph 7 of the Stipulation (the "Messina Gardens Financing") be, and the same is hereby, approved and adopted in its entirety by this Court.

3.      That certain request for authority by the Debtor to obtain post-petition financing on a senior secured basis, use cash collateral, and provide adequate protection regarding the "Oak Knoll" project referred to in the Motion (the "Oak Knoll Financing") be, and the same is hereby, authorized and approved by this Court.

4.      That certain junior financing from Alan and David Pinn (the "Pinn Financing") secured by a deed of trust subordinated and junior to the existing first deed of trust

2

Case: 09-57669    Doc# 230    Filed: 03/02/11    Entered: 03/03/11 14:17:37    Page 2 of 6
BOTW.188 -

purchased by the Lender through the Oak Knoll Financing and the second deed of trust standing

as additional collateral for the use of cash collateral and the Messina Gardens Financing by the

Lender be, and the same is hereby, authorized and approved by this Court.

5.      Both as additional adequate protection, to the extent of any diminution in

the value of the Lender's pre-petition liens and replacement liens below the outstanding balance

of the pre-petition claims, and as security for the Debtor's obligations and indebtedness arising

under or in respect of the Messina Gardens Financing and the Oak Knoll Financing, the Lender

will be, and it is hereby, granted, to the extent of the net decrease in the value of the pre-petition

liens and replacement liens and any deficiency resulting from the post-petition financing, a super-

priority administrative expense claim under Section 364(c)(1) of the Bankruptcy Code, which

administrative claim shall have priority over all other claims, costs and expenses of the kinds

specified in, or ordered pursuant to, Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b),

726 or any other provision of the Bankruptcy Code and shall at all times be senior to the rights of

the Debtor, the Debtor's estate and any successor trustee or estate representative in the case or

any subsequent or superseding case or proceedings by or against the Debtor.

6.      The Debtor be, and it is hereby, authorized to use cash collateral, provide

adequate protection and enter into all agreements, notes, financing statements, mortgages, deeds

of trust or take any other action in order to fully document, validate and perfect the rights and

interests or liens contemplated by the Motion.

7.      The Lender be, and it is hereby, authorized to provide post-petition

financing pursuant to the terms and conditions of the Motion and is authorized to prepare, execute

and enter into any and/or all agreements, financing statements, notices of lien or similar

documents or instruments or take any other action in order to validate and perfect the security

interests or liens and document the terms of the financings requested by the Motion without any

restraint under bankruptcy law including, without limitation, the provisions of Section 362(a) of

the Bankruptcy Code.

8.      This Order shall be binding upon the Debtor and Lender and their

respective successors and assigns, including, but not limited to any Trustee, Examiner or other

ORDER

BOFW.188 ~

Case: 09-57669    Doc# 230    Filed: 03/02/11    Entered: 03/03/11 14:17:37    Page 3 of 6

party appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor, whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case filed by or against the Debtor and shall also be binding upon all creditors of the Debtor and any other party in interest.

9.    Except as specifically set forth herein, this Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect or incidental beneficiary.

10.    The terms and conditions of this Order shall take effect and be fully enforceable on the latest to occur of (i) entry hereof, and (ii) the date that US Bank transfers the Oak Knoll loan to Bank of the West.

**\*\* END OF ORDER \*\***

4

BOTW.188

COURT SERVICE LIST

ATTORNEYS FOR DEBTOR:
Jeffry A. Davis
Joseph R. Dunn
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

U.S. TRUSTEE:
Office of the U.S. Trustee
U.S. Federal Building
270 South First Street, #368
San Jose, CA 95113-3004

REQUESTS FOR SPECIAL NOTICE:

ATTORNEYS FOR GENERAL PLUMBING SUPPLY, INC.:
Alan J. Wilhelmy
Rogers Joseph O'Donnell
311 California Street
San Francisco, CA 94104

Developers Surety and Indemnity Company
c/o Charles J. Philipps
Law Offices of Charles J. Philipps
P.O. Box 7047
Corte Madera, CA 94976

ATTORNEYS FOR US BANK NATIONAL ASSOCIATION/PACIFIC NATIONAL BANK:
Jane K. Springwater, Esq.
Friedman Dumas & Springwater LLP
150 Spear Street, Suite 1600
San Francisco, CA 94105

ATTORNEYS FOR BANK OF THE WEST:
James A. Tiemstra
Tiemstra Law Group, PC
1111 Broadway, Suite 1501
Oakland, CA  94607-4036

ATTORNEYS FOR WELLS FARGO BANK, NATIONAL ASSOCIATION:
Robert A. Trodella, Jr.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

ATTORNEYS FOR SANCO PIPELINES, INC.:
William M. Kaufman, Esq.
Leonidou & Rosin Professional Corporation
777 Cuesta Drive, Suite 200
Mountain View, CA 94040

5

Case: 09-57669   Doc# 230   Filed: 03/02/11   Entered: 03/03/11 14:17:37   Page 5 of 6
BOTW.188

1   ATTORNEYS FOR US BANK NATIONAL ASSOCIATION/PACIFIC NATIONAL BANK:
Zoel Zeldin, Esq.
2   Shartsis Friese LLP
One Maritime Plaza, 18th Floor
3   San Francisco, CA 94111

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER

BOFW.188